JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-01614-RGK (PJWx) | Date | March 14, 2011 |
|---|---|---|---|
| Title | *ELISA LOPEZ v. MARRIOTT INTERNATIONAL, INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|
| Sharon L. Williams | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) Order Remanding Action to State Court**

On October 21, 2010, Elisa Lopez ("Plaintiff"), filed suit against Marriott International, Inc. ("Defendant"). Plaintiff served the Complaint on Defendant on January 24, 2011. In her Complaint, Plaintiff asserts state claims for (1) pregnancy and sex discrimination; (2) failure to prevent discrimination and retaliation; (3) failure to accommodate and provide leave; (4) unlawful retaliation.

On February 23, 2011, Defendant removed the action to this Court alleging diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). Defendant adequately shows that the parties are citizens of different states. However, Defendant attempts to show by a preponderance of the evidence that the amount in controversy exceeds $75,000, but does not succeed on the facts alleged.

Defendant states that, should Plaintiff prevail at trial, it is more likely than not that she could recover over $75,000 in damages. The only evidence Defendant relies upon is the fact that "[d]iscrimination claims are routinely determined to satisfy the amount in controversy requirement"(Notice of Removal at 3:26-27). Defendant supports this statement with citations to two prior cases where, on different facts and with greater evidentiary records, courts found the amount in controversy requirement satisfied. Defendant's assertion, by itself, is completely insufficient for meeting its burden of proof, as the Court cannot base jurisdiction on Defendant's speculation and conjecture. *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 1002 (2007).

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

:

Initials of Preparer   slw